IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Eugene King, | ) | C/A NO. 0:12-949-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Robert M. Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On May 21, 2013, the Magistrate Judge issued a Report recommending that Petitioner's pending motions be denied, Respondent's motion for summary judgment be granted, and this matter be dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner filed objections to the Report on June 10, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

1

U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Most of Petitioner's objections relate to the admission into evidence during trial of his statement given to police after the murder and the Report's findings on his habeas claims related to this issue (both as to the voluntariness of the statement and alleged ineffectivenss of counsel). Initially, Petitioner objects to the Report's conclusion that the state court's determination, under *Jackson v. Denno*, 378 U.S. 368 (1964), of the voluntariness and admissibility of Petitioner's post-*Miranda* statement was not contrary to or an unreasonable application of clearly established Federal law. *See* Obj. at 6-12 (ECF No. 56). Specifically, Petitioner contends the Report "failed to make an independent federal finding as to whether Petitioner's statements were voluntarily given based on the facts presented . . . ." *Id*. at 13. Additionally, Petitioner asserts that the Report "failed to make a specifically factual finding, under Rule 56 . . . as to how [Respondent is] entitled to summary judgment on the voluntariness of the statement." *Id*. at 15.

In support of his objections relating to the voluntariness of his statement, Petitioner maintains the trial court failed to apply the "totality of the circumstances" test, *id*. at 6. Additionally, Petitioner posits the conclusory argument that "no reasonable juror would have found Petitioner guilty beyond a reasonable doubt . . . ," *id*. at 11.

Petitioner's contention that the Magistrate Judge did not conduct an independent evaluation of the state court's determination of the voluntariness of Petitioner's statement is without merit. *See*

2

Obj. at 14.[1]  The Report notes that

> [u]pon review of *all of the filings in this matter and the record before the trial court*, the court finds, considering the totality of the evidence presented at the *Jackson v. Denno* hearing, that [Petitioner] has failed to rebut by clear and convincing evidence the presumption that the factual determinations of the state court are correct.

Report at 13-14 (ECF No. 50) (first emphasis added).  Thus, Petitioner's argument relating to a purported failure to properly determine Respondent's motion under Rule 56 is without merit.

Petitioner also claims the Magistrate Judge failed to "independently determine" whether the state courts' decisions on his remaining claims (ineffectiveness of counsel relating to the tire iron and the booking photograph[2]) were contrary to clearly established Federal law or were objectively unreasonable.  *See* Obj. at 14, 16.  These objections are belied by the Report's specific findings made as to each of Petitioner's properly exhausted claims.[3]

---

[1] In a federal habeas proceeding, the ultimate determination of a *Miranda* waiver is a mixed question of law and fact which merits independent consideration by the district court.  *Miller v. Fenton*, 474 U.S. 104, 112 (1985); *Boggs v. Bair*, 892F.2d 1193, 1199 (4th Cir. 1989).  However, a state court's determination of the facts underlying the voluntariness of a confession are still entitled to a presumption of correctness.  28 U.S.C. § 2254(e)(1).  As noted in the Report, there is no evidence to show that the state court proceedings resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  Moreover, Petitioner "has failed to rebut by clear and convincing evidence the presumption that the factual determinations of the state court are correct."  Report at 14 (ECF No. 50).

[2] Petitioner argues that the Report "improperly determined that 'even if the booking photo had been admitted, the evidence would have supported the trial court's ruling to admit Petitioner's statement . . . ."  Obj. at 15.  However, this supposed "determination" of the Report is a quote from the PCR court's review of what effect the booking photograph might have had on the admissibility of Petitioner's post-*Miranda* statement.  *See* Report at 22 ("Moreover, the PCR court determined that '[e]ven with the booking photograph, evidence would support the trial court's ruling that the statement was admissible. . . .'") (quoting finding of PCR court).

[3] Petitioner makes no objection to the Report's finding that the First and Fourth claims for relief contained in his habeas petition were not properly exhausted in state court and therefore subject to procedural default.

3

Accordingly, Petitioner's motions for summary judgment (ECF No. 27), to expand the record (ECF No. 28), for hearing (ECF No. 32), and to vacate sentence (ECF No. 45) are **denied**. Respondent's motion for summary judgment (ECF No. 22) is **granted**, and this petition is dismissed with prejudice.[4]

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

---

[4] All other pending motions are hereby terminated.

4

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 19, 2013